UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                Criminal No. 07-365 ADM/AJB

        Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

LAMARR MERRELL WADE,

        Defendant.

      Erica Mozangue, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

      Andrea George, Esq., Assistant Federal Defender, and Paul J. Edlund, Esq., for the defendant, Lamarr Merrell Wade.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on November 9, 2007, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415.  The magistrate judge issued an Order on Motions dated November 14, 2007, reserving defendant's motions to suppress statements and identification evidence for submission to the district court by Report and Recommendation.

       Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, and the memorandum arguments of counsel, the magistrate judge makes the following:

**Findings**

       Minneapolis Police Officers Matthew Alberts and Jason Anderson were dispatched to

the area of 1415 Upton Ave. No. at approximately 1:00 a.m. on June 17, 2007, upon report of a robbery.  The officers were on patrol, and within five minutes of the report they met with the victim, Mr. Sanchez, at his home, approximately three blocks from the location of the robbery.  The victim described the robbers as being two black males who confronted him near the intersection of 14th and Sheraton as he was walking home.  Both robbers displayed handguns.  The victim further described one of the individuals as being five-foot-nine-inches to six-feet in height, wearing a white tank top and blue jean shorts.   The second person was described as five-foot-six to five-foot-eight, wearing a white shirt and white shorts.  The taller man had a silver revolver and the other man had a black semi-automatic handgun.  The robbers' faces were not covered.  The taller individual told the victim to give them his money or he would shoot him, whereupon the victim gave up his wallet containing approximately $100 and a Minnesota identification card.  The victim's cell phone was also taken.  The robbery occurred a few minutes before 1:00 a.m. and the perpetrators left the area on foot, heading north on Upton.  The victim did not report any particular details regarding the robbers' hair, visible tattoos or scars, age, jewelry or skin shade.  He was upset and shaking during the five to ten minute interview, but he had no difficulty communicating with officers.

The officers thereafter proceeded to patrol the neighborhood in search of suspects, and at about 1:30 a.m., near 23rd Ave. and Queen Ave. No., approximately 12 blocks from the location of the robbery, they observed two males whose clothing and height descriptions corresponded to the descriptions provided by the victim.  The individuals were walking on the sidewalk on the west side of the street.  Officer Anderson pulled their squad car alongside the two individuals and Anderson told them to stop.  One of the persons, defendant Lamarr Wade, immediately ran away and both officers

got out of the squad car and took chase.  The suspect was caught after a three-to-four minute pursuit.  He was placed in handcuffs behind the back and was brought back to the squad car.  Meanwhile, the second suspect had left the scene and was not apprehended.

Minneapolis Police Officer William Gregory was on patrol in the immediate area of the pertinent events and at 1:35 a.m. on June 17, 2007, he was advised by radio dispatch to go to the victim's residence to pick him up and transport him to the suspect's location near 21st and Russell Ave. No. for an identification show up.  Officer Gregory arrived at the residence within a minute of the call.  The officer met the victim and advised him that a person had been detained.  The victim agreed to go with the officer in his squad car.  There were already two squad cars at the scene at 21st and Russell Ave., one of which was parked facing northbound in the middle of the street.  As Officer Gregory approached he drove towards the squad car parked in the street and stopped in such a way that the police vehicles were facing one another, front to front, approximately 50 feet apart.  Officer Gregory kept his headlights on and also activated two spotlights.  The victim remained in the back seat of Gregory's vehicle as the handcuffed suspect was removed from the other squad car by Officer Alberts and Officer Anderson and was brought to the front of that vehicle to be observed by the victim.  Officer Gregory then asked the victim if he could see the person, to which the victim immediately responded, "yes, that's the person for sure."  Gregory then gave a thumbs up signal to advise other officers that a positive identification had been made, and the suspect was placed back in a squad car.  The identification process lasted less than one minute.  Officer Alberts subsequently came and spoke to the victim and showed him a black Motorola cell phone and an earpiece which the suspect had thrown aside when he first ran from police.  The victim identified the phone and earpiece as his.  Officer

Gregory brought the victim home without further comment other than to say thanks.

**Interview Statements.**  On the morning of June 18, 2007, Sgt. Frederick McDonald, assigned to the Minneapolis Police Department robbery unit, met with defendant Lamarr Wade for purposes of conducting an interview prior to a court appearance scheduled for Mr. Wade later that morning.  Sgt. McDonald met with the defendant in an interview room within the secured holding area of the Minneapolis public safety building and no other persons were present in the room.  The interview was digitally recorded from the onset (Hearing Exh. No. 2).  The officer initially identified himself and confirmed the defendant's identity, and he thereafter read the Miranda advisory to the defendant from a pre-printed form (Hearing Exh. No. 1).  Mr. Wade expressly indicated that he understood each of his rights and that he was willing to talk with the officer.  The defendant initialed and dated the written rights form after reviewing it.  Sgt. McDonald was dressed in plain clothes and was not carrying a firearm.  The defendant was not handcuffed.  No promises or threats were made to induce the defendant's cooperation.  The defendant did not make any complaints of injury or pain during the course of the interview, and he did not request that the interview cease prior to the time it ended.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Show-up.**  Suppression of identification evidence obtained in a show-up procedure whereby the robbery victim personally viewed the defendant near the scene of his apprehension and positively identified the defendant as a person who had robbed the victim at gunpoint is not required.  Defendant correctly asserts that the show-up procedure in this instance was overly suggestive under circumstances whereby the victim viewed only a single suspect who was in handcuffs and being

escorted by two officers.  Clark v. Caspari, 274 F.3d 507, 511 (8th Cir. 2001).  Nonetheless, the court concludes that the show-up identification was reliable, and therefore admissible, because under the totality of circumstances the show-up did not create a substantial likelihood of irreparable misidentification where the victim had had opportunity to view the suspect from a close distance at the time of the crime; the victim had given officers descriptions of the height and clothing worn by each of two robbers, indicating that significant attention had been given to identifying factors; the victim was able to view the suspect within an hour after the initial contact and with adequate lighting; the suspect's dress and appearance was consistent with the initial report; and the victim was absolutely certain that the suspect was the person who had robbed him.  Id at 511-12.  The court finds that suppression of pretrial identification evidence in not constitutionally required and further finds that preclusion of any in-court identification of the defendant by the victim is not warranted under the totality of circumstances presented here.

**Statements.**  Defendant Lamarr Merrell Wade's interview statements on June 18, 2007, were not obtained in violation of his constitutional rights and suppression of such statements is not required.  Defendant's custodial statements to Sgt. McDonald were made knowingly, intelligently, and voluntarily.  Defendant was properly advised of his rights as an accused person; no threats or promises were made to induce defendant's cooperation; and there was no request for the assistance of an attorney.  Though defendant was in custody, he was not subjected to coercion and his statements were not the fruit of an unlawful arrest.  United States v. Robinson, 20 F.3d 320, 322-23 (8th Cir. 1994).  There is no basis for suppression of defendant's interview statements.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the

following:

## RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant Lamarr Merrell Wade's Motion to Suppress Eyewitness Identifications be **denied** [Docket No. 18]; and

2.  Defendant Lamarr Merrell Wade's Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 24].


Dated:   December 19, 2007

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 3, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.